**Sara D. WOOD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent,**

and

**United States Postal Service, Intervenor.**

No. 90–3534.

United States Court of Appeals, Federal Circuit.

July 10, 1991.

Daniel F. Minahan, Jr., Minahan & Shapiro, P.C., Lakewood, Colo., argued, for petitioner. Barrie M. Shapiro, Minahan & Shapiro, P.C., Lakewood, Colo., was on the brief, for petitioner.

Sara B. Reardon, Atty., Merit Systems Protection Bd., Washington, D.C., argued, for respondent. With her on the brief, were Llewellyn M. Fischer, Gen. Counsel, Mary L. Jennings, Deputy Gen. Counsel and David Kane, Asst. Gen. Counsel.

DeBorah A. Bynum, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for intervenor. With her on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director. Also on the brief, were Jesse L. Butler, Asst. Gen. Counsel and Robert Sindermann, Jr., Atty., Office of Labor Law, U.S. Postal Service, Washington, D.C., of counsel.

Before ARCHER and LOURIE, Circuit Judges, and MILLER, Senior Circuit Judge.

ARCHER, Circuit Judge.

Sarah D. Wood appeals the decision of the Merit Systems Protection Board (board), No. SL07529010213 (July 27, 1990), dismissing for lack of jurisdiction her claim that the United States Postal Service (USPS) improperly reduced her grade and pay. We affirm.

## I

Wood is an hourly employee of the USPS in the part-time position of Postmaster of the Penrod, Kentucky Post Office.[1] In August, 1989, Wood was notified that the service hours for the Penrod Post Office would be reduced from six hours to four hours per day. This required a similar reduction in Wood's working hours. The notice informed Wood that her hourly rate of pay remained the same, but that her "annual equivalent salary" would be reduced to reflect her reduced work schedule.

Wood appealed to the board, claiming that the USPS action was a reduction in both grade and pay. Under 5 U.S.C. §§ 7512(3) and (4) (1988), reductions in an employee's grade or pay are adverse actions which are appealable to the board. The administrative judge (AJ) found, however, that the USPS had neither reduced Wood's grade, nor reduced her pay. Concluding that USPS had taken no adverse action, the AJ dismissed the appeal for lack of jurisdiction. Wood did not appeal to the full board and the AJ's initial decision became the board's final decision.

## II

■ A. All part-time postmasters are classified in the grade EAS–A/E under section 415.112(c) of the USPS Employee and Labor Relations Manual (ELM). These postmasters serve in small post offices designated by the letters A to E which identify the number of hours per day the post offices are open.[2] The workload of a small post office is re-evaluated at least once every three years under the USPS Workload Service Credit System to determine whether its authorized service hours should

---

1. The board determined, correctly, that Wood is an individual entitled to appeal to the board under 5 U.S.C. § 7513(d) because she is a management employee in the Postal Service who has over one year of current continuous service in the same position. *See* 39 U.S.C. § 1005(a)(4)(A) (1988).

2. A = 2 hours per day, 6 days per week
 B = 3 hours per day, 6 days per week
 C = 4 hours per day, 6 days per week
 D = 5 hours per day, 6 days per week
 E = 6 hours per day, 6 days per week

be changed. As a result of a regular review, the Penrod Post Office was changed from category E (six hours of operation per day) to category C (four hours per day). Wood argues that her personal classification was likewise changed from EAS–E to EAS–C, and it is this change that Wood describes as a reduction in grade.

The EAS–A/E grade assigned to part-time postmasters encompasses *all* of the subclassifications from A to E. As the ELM explicitly provides, a change from E to C does not involve a change in grade.

> All A/E postmasters are in the same grade, EAS–A/E; therefore, a change from one A/E service-hour category to another does not result in a change in grade.

ELM § 415.112(c). The ELM is a part of the USPS regulations. *See* 39 C.F.R. § 211.2(a)(2) (1988); *cf. Franchise Tax Bd. of Calif. v. United States Postal Serv.*, 467 U.S. 512, 516 n. 9, 104 S.Ct. 2549, 2552 n. 9, 81 L.Ed.2d 446 (1984) (*citing* the USPS Financial Management Manual).

Wood requests that we look past the nomenclature used in the USPS regulations to the substance of the action appealed. Wood argues that by reclassifying the Penrod Post Office to a lower status with fewer service hours she has been reduced in grade; *i.e.*, since the post office has been changed from a category E to a category C post office, her EAS grade has been similarly reduced. As we have noted, the USPS regulations make EAS–A/E a single grade in the USPS pay system. Thus, Wood's argument is essentially a claim that her status or rank has been lowered. In 1978, however, the board's jurisdiction was expressly changed to exclude claims of this type.

Prior to the Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95–454, Title II, § 204(a), 92 Stat. 1111, 1134–38, preference eligible employees could appeal a "reduction in rank" to the board's predecessor. *See* 5 U.S.C. § 7511 (1976); *Wilson v. Merit Sys. Protection Bd.*, 807 F.2d 1577, 1580 (Fed.Cir.1986). The reduction-in-rank standard granted the board jurisdiction to determine whether "a personnel action causes an employee to be further down in the organizational structure than before." *Russell v. Department of the Navy*, 6 MSPB 585, 6 M.S.P.R. 698, 705 (1981). The CSRA replaced the reduction-in-rank standard with the present reduction-in-grade test. *Artmann v. Department of the Interior*, 926 F.2d 1120 (Fed.Cir.1991); *see* 5 U.S.C. §§ 7511(a)(3), 7512. As noted in *Wilson,*

> The purpose of the change was to "increase the flexibility of agencies to assign employees to positions and duties where they are needed without having to take an adverse action against an employee when the job title or duties have changed, but the grade has not." S.Rep. No. 969, 95th Cong., 2d Sess. 49–50 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2771–72.

807 F.2d at 1580.

We conclude, as did the AJ, that Wood did not sustain a reduction in grade as a result of the reclassification of the Penrod Post Office by the USPS.

■ B. As a result of the reduction in service hours at the Penrod Post Office, Wood's "annual equivalent salary" was decreased by $6660. She argues that this is a "reduction in pay" under 5 U.S.C. § 7512(4) and thus provides the board with jurisdiction over her appeal.

The term "pay" is statutorily defined as "the *rate* of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4) (emphasis added). Under the USPS pay system, A/E postmasters are paid at hourly rates, which are then converted to annual rates for payroll system purposes. ELM § 411.333. Since Wood continued to receive the same basic hourly rate of pay after the reclassification of the Penrod Post office, Wood did not suffer a reduction in pay within the meaning of 5 U.S.C. § 7512(4). Accordingly, we conclude that the board also lacked jurisdiction over Wood's appeal on this basis.

AFFIRMED.