**David K. LUKE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 03–3218.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 9, 2003.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

DECISION

PER CURIAM.

David K. Luke appeals from the Merit Systems Protection Board's affirmance of the Office of Personnel Management's ("OPM's") reconsideration decision that he was not eligible to redeposit funds into the Civil Service Retirement System ("CSRS"). *Luke v. Office of Pers. Mgmt.,* No. SE–0831–03–0093–I–1 (MSPB Mar. 26, 2003) (*"Initial Decision"*). Because the Board did not err in affirming the OPM's decision, we *affirm.*

BACKGROUND

Mr. Luke retired from his position as a welder at the Puget Sound Naval Shipyard in Bremerton, Washington, on April 2, 1999. *Id.,* slip op. at 3. On October 23, 2000, he requested a full refund of his CSRS retirement contributions pursuant to 5 U.S.C. § 8342(a). The OPM processed that request on November 27, 2000 and sent Luke a refund of $39,213.06. *Id.*

On October 23, 2001, Luke filed an Application for Immediate Retirement requesting an annuity. *Id.* The OPM denied the application on December 5, 2001, stating that because Luke had withdrawn his retirement contributions, he was not entitled to an annuity. *Id.* Luke requested reconsideration and the OPM again denied the application in its reconsideration decision on November 12, 2002. *Id.*

Luke then appealed to the Board. In his appeal form, he characterized the challenged action as the OPM's decision "to deny eligibility to make a redeposit into either the civil service retirement system (CSRS) fund or the Federal Employee's [sic] retirement system (FERS) fund."

The Administrative Judge ("AJ") determined that Luke had not presented any

evidence that he was a federal employee or otherwise employed in a position subject to the CSRS at the time he filed his application. The AJ therefore held that Luke was ineligible to make a redeposit of his CSRS retirement contributions and affirmed the OPM's reconsideration decision. *Id.* Furthermore, the AJ dismissed Luke's equitable arguments for the Board to waive the substantive legal requirements for retirement benefits eligibility as being beyond its authority. *Id.* at 4.

Luke did not appeal to the full Board, and the AJ's decision became the Board's final decision. *See Wood v. Merit Sys. Prot. Bd.,* 938 F.2d 1280 (Fed.Cir.1991); 5 C.F.R. § 1201.113. Luke timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *see Briggs v. Merit Sys. Prot. Bd.,* 331 F.3d 1307, 1311 (Fed.Cir. 2003).

On appeal, Luke argues that he should be permitted to redeposit his refunded retirement contributions. He also advances equitable arguments that he should be eligible to redeposit his funds notwithstanding statutory requirements. Finally, Luke asks this court to consider his other appeal presently before the Equal Employment Opportunity Commission ("EEOC").

We conclude that the Board properly decided that Luke may not redeposit his refunded contributions at this time. An employee is entitled to withdraw his retirement contributions from the CSRS fund in a lump sum after a minimum of thirty-one consecutive days of separation from service. 5 U.S.C. § 8342(a) (2000). Upon receipt of that payment, all annuity rights are voided. *Id.; Yarbrough v. Office of Pers. Mgmt.,* 770 F.2d 1056, 1061 (Fed.Cir. 1985). In order to redeposit the refunded amount, the employee must be reemployed in a position subject to the CSRS. 5 U.S.C. § 8334(d) (2000). The Board found that Luke elected to receive his retirement contributions in a lump-sum payment after he retired. Luke has not shown that he was subsequently employed in a position covered by the CSRS, nor has he otherwise established eligibility to redeposit into the CSRS. The Board therefore correctly held that Luke may not redeposit his previously-withdrawn retirement contributions.

The Board also properly held that the statutory requirements for eligibility to redeposit CSRS funds may not be waived by the OPM or the Board. *Initial Decision,* slip op. at 4. Likewise, in spite of Luke's equitable arguments, this court does not have the discretion to waive the express requirements Congress has set forth. *See Schoemakers v. Office of Pers. Mgmt.,* 180 F.3d 1377 (Fed.Cir.1999). We cannot "create by judicial innovation an authority over funds that is assigned by the Constitution to Congress alone, and that Congress has not seen fit to delegate." *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 431, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990).

Lastly, Luke asks this court to consider his other appeal presently before the EEOC. Because we have no jurisdiction over a matter pending in the EEOC, we must decline Luke's invitation to comment

on that case.*

We therefore conclude that the Board did not err in holding that Luke was ineligible to make a redeposit of his CSRS retirement contributions. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

---

* We note, however, that our decision in this case does not foreclose Luke from redepositing his lump-sum payment should he at some future time meet the statutory requirements for eligibility to redeposit his retirement funds.