NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3348

ELAINE COCO,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  April 11, 2005

_____

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Elaine Coco petitions for review of the decision of the Merit Systems Protection Board affirming her removal from her position as a secretary at the Internal Revenue Service ("IRS").  Coco v. Dep't of the Treasury, No. DA-0752-04-0220-I-1 (M.S.P.B. Apr. 16, 2004) ("Decision").  We affirm.

## BACKGROUND

In an investigation by the Treasury Inspector General for Tax Administration, the IRS discovered that Coco had retrieved computer records relating to her ex-spouse from the Integrated Data Retrieval System ("IDRS") on several occasions between 1998

and 2002. As a result, the IRS removed Ms. Coco from her position in December 2003 because of the unauthorized access of taxpayer data without an official reason to do so, misuse of a government computer, and release of financial information without proper authorization. Despite having admitted the misconduct, Coco appealed to the Board, arguing that her misconduct was unrelated to the efficiency of the service. She challenged her removal as being too harsh in light of mitigating factors.

The Board's Administrative Judge ("AJ") considered the evidence and testimony, particularly that of Glen Henderson, the agency's deciding official, regarding the nexus between Coco's misconduct and the efficiency of the service. Henderson testified that he decided to remove Coco from her position because her misconduct was "repeated and intentional, and she was on clear notice that such misconduct was absolutely prohibited, with serious consequences to follow." Decision, slip op. at 3. He also commented that "this kind of misconduct significantly increases the possibility that the public could doubt the integrity of the IRS and thus adversely impact the agency's mission." Id. The AJ took into account Coco's arguments that she had continued to work at the agency for two years after the charged misconduct and that she had not been criminally prosecuted for her actions. The AJ also considered the assessment of a social worker that Coco had symptoms of severe anxiety and depression. Id., slip op. at 4.

Ultimately, the AJ determined that the IRS had met its burden of establishing the required nexus and proving that removal was a reasonable penalty. The AJ thus affirmed the IRS's action. Id., slip op. at 4-5. Coco did not appeal to the full Board, and the AJ's decision became the Board's final decision. See Wood v. Merit Sys. Prot. Bd.,

938 F.2d 1280 (Fed. Cir. 1991); 5 C.F.R. § 1201.113 (2004). Coco timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Coco argues that the AJ did not fully consider mitigating factors in her decision. In particular, Coco alleges that she had not received IDRS training and that she did not disclose the tax information that she accessed. The government responds that the AJ's decision was supported by substantial evidence. It argues that the AJ carefully reviewed all of the evidence and simply decided that the mitigating factors presented by Coco did not outweigh the severity of the misconduct.

We agree with the government that there is substantial evidence in the record to support the AJ's decision. As the government points out, the AJ specifically identified as part of Henderson's evaluation each of the mitigating factors that Coco now alleges were not "fully considered": Coco's prior record, her twelve years of service, the fact that she came forward with information about her misconduct, and her symptoms of severe anxiety and depression. Decision, slip op. at 3-4. Clearly, the AJ considered those mitigating factors in reaching its conclusion that removal was nevertheless justified.

04-3348                                   3

Coco argues that she did not receive IDRS training, implying that her lack of training precluded her from fully accessing her ex-husband's information. However, she did concede that she was able to retrieve information concerning his salary, and she admitted that she shared that information with her daughter and her divorce attorney. Coco's assertions thus lack merit and, in any event, were fully considered by the AJ.

We have considered Coco's remaining arguments and find them unpersuasive. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.