Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3401

MICHAEL C. PHILLIPS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD

Respondent.

Michael C. Phillips, of Atmore, Alabama, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Raymond W. Angelo, Acting Associate General Counsel. Of counsel was Thomas N. Auble.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3401

MICHAEL C. PHILLIPS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: April 6, 2007

_____

Before MICHEL, <u>Chief Judge</u>, DYK, <u>Circuit Judge</u>, and GARBIS, <u>Senior District Judge</u>[*].

PER CURIAM.

Michael C. Phillips ("Phillips") appeals from the decision of the Merit Systems Protection Board ("Board") in AT0752060274-I-1 dismissing for lack of jurisdiction his appeal challenging the reduction in the number of hours he was assigned to work. We <u>affirm</u>.

## BACKGROUND

Phillips worked as a Part-Time Custodial Laborer at the Atmore, Alabama post office. He was apparently assigned to work 16 hours per week, but on December 6, 2005, his hours were cut to an unspecified amount. His rate of pay and grade were not reduced. On January 17, 2006, Phillips sent a letter to the Board's Atlanta office

---

[*] Honorable Marvin Garbis, Senior District Judge, United States District Court for the District of Maryland, sitting by designation.

requesting assistance, which the Board construed as an appeal from the reduction in his hours of work. On February 15, 2006, the United States Postal Service ("Agency") moved to dismiss his appeal for lack of jurisdiction. In an April 6, 2006, initial decision, the Administrative Judge dismissed Phillips's appeal for lack of jurisdiction, and the full Board denied Phillips's petition for review on July 13, 2006. A timely appeal to this court followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2006); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

The Board "has jurisdiction of only those actions made appealable by statute or regulation." Van Werry v. Merit Sys. Prot. Bd., 995 F.2d 1048, 1050 (Fed. Cir. 1993). Phillips challenges the reduction in the number of hours he was assigned to work. Unlike reductions in grade and reductions in pay, reductions in the number of hours worked are not adverse actions under 5 U.S.C. § 7512, nor does any other provision of law make them appealable actions. See Wood v. Merit Sys. Prot. Bd., 938 F.2d 1280, 1282 (Fed. Cir. 1991) (affirming dismissal for lack of jurisdiction where employee challenged Postal Service's reduction in the number of hours she worked, without affecting the amount she was paid per hour, thereby reducing her annual salary). Although Phillips alleges that his "paycheck was reduced by approximately 35% per pay period," pay is defined in the statute as "the rate of basic pay fixed by law or

administrative action for the position held by an employee," 5 U.S.C. § 7511(a)(4), and it is undisputed that Phillips's basic rate of pay (i.e., the amount of money he makes per hour worked) and grade have not changed. Thus, the reduction in the amount of money in his paycheck is solely the result of the reduction in the number of hours he has been assigned to work and is not appealable. See Wood, 938 F.2d at 1282. We affirm the Board's dismissal of the appeal for lack of jurisdiction.

No costs.