# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL P. GILROY, | DOCKET NUMBER |
| Appellant, | DC-3443-22-0569-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: January 28, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renn Fowler, Esquire, Silver Spring, Maryland, for the appellant.

Elbridge Smith, Esquire, Honolulu, Hawaii, for the appellant.

Jennifer Smith, Esquire, and Simone Jenkins, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his reduction in pay appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision but still DISMISS the appeal for lack of jurisdiction for the reasons set forth in this Final Order. We FIND that the appellant failed to make a nonfrivolous allegation that he suffered a reduction in pay.

**DISCUSSION OF ARGUMENTS ON REVIEW**

Legal standard

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). However, once the appellant presents nonfrivolous allegations of Board jurisdiction, he is entitled to a hearing. *Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶ 6 (2009). A nonfrivolous

allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*.

A reduction in pay is appealable to the Board under 5 U.S.C. §§ 7512(4) and 7513(d). For adverse action purposes, pay means "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4); 5 C.F.R. § 752.402. Thus, a reduction in pay is appealable only when "the rate of basic pay fixed by law or administrative action for the position held by an employee" decreases. *Gaydar v. Department of the Navy*, 121 M.S.P.R. 357, ¶ 6 (2014); *see Wood v. Merit Systems Protection Board*, 938 F.2d 1280, 1282 (Fed. Cir. 1991) (explaining that "[s]ince Wood continued to receive the same basic hourly rate of pay after the reclassification of the Penrod Post Office, Wood did not suffer a reduction in pay within the meaning of 5 U.S.C. § 7512(4)"). The Board and the courts have interpreted the term "rate of basic pay" restrictively because Congress intended adverse action rights, such as the right to appeal a reduction in pay, to be given a narrow construction. *Gaydar*, 121 M.S.P.R. 357, ¶ 6.

<u>The appellant failed to nonfrivolously allege that the Board has jurisdiction over this reduction in pay appeal.</u>[2]

On review, the appellant asserts that, as a GS-13 series 0081 Firefighter with a 40-hour-plus tour, his "rate of basic pay" was "fixed by" 5 U.S.C. § 5545b, which discusses pay for firefighters. Petition for Review (PFR) File, Tab 1

---

[2] In his petition for review, the appellant asserts that he was prejudiced in his ability to brief the jurisdictional issue and to submit evidence before the administrative judge. Petition for Review File, Tab 1 at 6-8. We find that the appellant was not prejudiced because he was given a full opportunity to brief the jurisdictional issue on review. We also find that any additional evidence that he would have submitted does not change the outcome on the jurisdictional issue.

at 11-13. Neither the Board nor the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) have analyzed 5 U.S.C. § 5545b or its applicability in an adverse action appeal involving a reduction of pay.

Section 5545b was created by the Federal Firefighters Overtime Pay Reform Act, which was part of the Omnibus Consolidated and Emergency Supplemental Appropriations Act, 1999, Pub. L. No. 105-277, 112 Stat 2681, § 628 (Oct. 21, 1998). This section applies to an employee whose position is classified in the Firefighter occupation in conformance with the GS-0081 standard, and whose normal work schedule, as in effect throughout the year, consists of regular tours of duty that averaged at least 106 hours per biweekly pay period. 5 U.S.C. § 5545b(a); *see* 5 C.F.R. § 550.1302.

The Office of Personnel Management (OPM) explained that, under the law and regulations formerly in effect, firefighters were "entitled to the same rate of basic pay that applied to General Schedule employees with a 40-hour workweek" and they "generally received standby duty pay . . . to compensate them for their extended tours of duty." Firefighter Pay, 63 Fed. Reg. 64589-01, 64589 (Nov. 23, 1998) (Interim Rule). OPM explained that standby duty pay was "a special form of premium pay designed to compensate employees who have regularly scheduled workweeks that are much longer than the normal 40-hour workweek and include substantial time during which employees are in a standby status." *Id.* Standby duty pay was paid as a percentage of basic pay and was considered basic pay for retirement purposes. *Id.*

OPM stated that 5 U.S.C. § 5545b significantly changed how firefighter pay was computed. *Id.* OPM described several of these changes as follows: (1) it eliminated standby duty pay and paid firefighters on an hourly rate basis, which simplified the pay computation; (2) it required that the applicable General Schedule annual rate of basic pay be divided by a 2,756-hour factor to derive the "firefighter hourly rate"; (3) it provided special pay computations for firefighters whose regular tour of duty included a basic 40-hour workweek; and (4) it barred

payment of any other premium pay, including night pay, Sunday pay, holiday pay, and hazardous duty pay. *Id.* at 64589-64590.

In pertinent part, 5 U.S.C. § 5545b sets forth two frameworks for computing an hourly rate based on whether the firefighter's tour of duty was "24-hour shifts" or "a basic 40-hour workweek." 5 U.S.C. §§ 5545b(b)(1), (c)(1). The appellant asserts that he worked a 40-hour weekly tour plus additional non-overtime hours, and thus, the framework in 5 U.S.C. § 5545b(c)(1) applies to this matter. PFR File, Tab 1 at 10-13. This provision states:

> If the regular tour of duty of a firefighter subject to this section includes a basic 40-hour workweek . . . [5 U.S.C. § 5504(b)[3]] shall be applied as follows in computing pay--
>
> (A) the provisions of such section shall apply to the hours within the basic 40-hour workweek;
>
> (B) for hours outside the basic 40-hour workweek, such section shall be deemed to require that the hourly rate[4] be derived by dividing the annual rate by 2756; and
>
> (C) the computation of such firefighter's daily, weekly, or biweekly rate shall be based on subparagraphs (A) and (B), as each applies to the hours involved.

5 U.S.C. § 5545b(c)(1).

The appellant alleged that, while a Supervisory Firefighter, pursuant to section 5545b(c)(1)(A), his hourly rate for the basic 40-hour workweek was $52.89, and pursuant to section 5545b(c)(1)(B), his hourly rate for his non-overtime hours outside of the basic 40-hour workweek (the firefighter hourly rate) was $40.05. Initial Appeal File (IAF), Tab 9 at 7-8, 20. The appellant

---

[3] The statute at 5 U.S.C. § 5504(b)(1) explains how to convert an annual rate of basic pay to a basic hourly, daily, weekly, or biweekly rate. In pertinent part, it explains that, to derive an hourly rate, the annual rate of basic pay has to be divided by 2,087. 5 U.S.C. § 5504(b)(1). To derive a biweekly rate, the hourly rate has to be multiplied by 80. 5 U.S.C. § 5504(b)(3).

[4] It appears that Congress intended for section 5545b(c)(1)(B) to mean an "hourly rate of basic pay" because section 5545b(d)(2), among other things, limits the overtime hourly rate of pay for a firefighter to an amount equal to one and one-half times the "firefighter's hourly rate of basic pay under section . . . (c)(1)(B) of this section."

further alleged that, after his reassignment to the Emergency Management Specialist position, his hourly rate was $52.89, and his adjusted basic pay in both positions was $110,384.00. *Id.* at 10, 23-24.

However, the appellant asserts that further calculations are warranted. Relying on 5 U.S.C. § 5545b and 5 C.F.R. § 550.1303, which discusses hourly rates of basic pay, he presents the following calculations to support his claim that he suffered a $26,701.00 reduction in pay:[5]

> $52.89 (his hourly rate as a Supervisory Firefighter for the basic 40-hour workweek) * 80 hours/pay period = $4,231.20

> $40.05 (his hourly rate as a Supervisory Firefighter for the nonovertime hours outside of the basic 40-hour workweek) * 26 hours/pay period = $1,041.30

> $4,231.20 + $1,041.30 = $5,272.50 (his biweekly "base pay" in the Supervisory Firefighter position)

> $5,272.50 * 26 pay periods = $137,085.00 (his base pay in the Supervisory Firefighter position expressed on an annual basis)

> $137,085.00 - $110,384.00 (his base pay after the reassignment) = $26,701.00 reduction in pay

PFR File, Tab 1 at 12-13.

We are not persuaded that the appellant's calculations constitute a nonfrivolous allegation of a reduction in rate of basic pay for purposes of establishing jurisdiction under 5 U.S.C. chapter 75. Importantly, 5 U.S.C. § 5545b(c)(2) identifies the limited circumstances under which the basic pay of a firefighter includes the regular hourly rate *and* the firefighter hourly rate.

---

[5] Initially, the appellant included 6 overtime hours per pay period in his calculations and asserted that he suffered a $34,351.24 reduction in pay following his reassignment. IAF, Tab 9 at 8-10. In a subsequent submission, he provided two sets of calculations, with and without overtime hours because "5 [C.F.R. §] 550.1305 appears to exclude [overtime hours]." IAF, Tab 23 at 6-7. On review, the appellant clarifies that "no overtime is claimed here." PFR File, Tab 1 at 10. Because the appellant no longer relies on overtime hours to support his claim of an appealable reduction in pay, we do not include any overtime hours in our calculations or analysis.

It states that, for purposes of 5 U.S.C. §§ 5595(c), 5941, 8331(3), and 8704(c),[6] and as OPM may by regulation prescribe, "the basic pay of a firefighter subject to [section 5545b(c)] shall include . . . an amount computed under paragraph [(c)](1)(A) for the hours within the basic 40-hour workweek[] and an amount equal to the firefighter's basic hourly rate (as computed under paragraph [(c)](1)(B)) for all hours outside the basic 40-hour workweek that are within such firefighter's regular tour of duty (including overtime hours)." None of these circumstances are applicable to this matter.

We find it appropriate to apply the maxim of statutory interpretation expressio unius est exclusio alterius, meaning "the expression of one thing is the exclusion of the other." *Richardson v. Department of Veterans Affairs*, 2023 MSPB 1, ¶ 19. Under this maxim, when Congress has enumerated specific things to which a statute applies, it should not be assumed that other things that could have been listed were meant to be included; rather, the specific mention of certain things implies the exclusion of others. *Id.* The statute at 5 U.S.C. § 7512 is not mentioned in 5 U.S.C. § 5545b(c). Therefore, 5 U.S.C. § 5545b—by its own language—precludes the interpretation that the appellant advocates.

Even if we consider the appellant's reliance on 5 C.F.R. § 550.1303, PFR File, Tab 1 at 12, a different outcome is not warranted. In 5 C.F.R. § 550.1303(b), the regulation explains how to calculate the hourly rate of basic pay using the dual divisors discussed above in 5 U.S.C. § 5545b(c)(1)(A) and (B). The regulation at 5 C.F.R. § 550.1303(c) states, in relevant part, that a firefighter's "biweekly rate of basic pay must be computed using the applicable rates" described in paragraph (b). This language, standing alone, tends to support the appellant's calculations. However, we cannot read this language in a vacuum. Indeed, as noted above, 5 U.S.C. § 5545b(c)(2) expressly excludes from basic pay

---

[6] These categories include severance pay, allowances based on living costs and conditions of environment, civil service retirement benefits, and group life insurance, respectively.

the calculations provided by the appellant except for certain circumstances that are not applicable here.

Moreover, the regulation at 5 C.F.R. § 550.1305(d) is also problematic for the appellant's argument. It states that, for firefighters compensated under section 550.1303(b), such as the appellant, "pay for nonovertime hours within the regular tour of duty, but outside of the basic 40-hour workweek, is basic pay only for the purposes listed in paragraph (a),"[7] and for other purposes, such as firefighter overtime pay and biweekly and annual caps on premium pay. 5 C.F.R. § 550.1305(d). None of these circumstances are applicable to this matter.[8] Notably, OPM stated in its Final Rule that it added the word "only" in 5 C.F.R. § 550.1305(a) "to emphasize that this definition of basic pay is to be used solely for the listed purposes." Firefighter Pay, 67 Fed. Reg. 15463-01, 15464 (Apr. 2, 2002) (Final Rule).

Ultimately, the appellant's own allegations and documentation show that he received more total take home pay as a Supervisory Firefighter because he worked 26 more hours per biweekly pay period. *Compare* IAF, Tab 9 at 20-21 (showing that the appellant worked 106 hours (excluding overtime) in a biweekly period as a Supervisory Firefighter), *with id.* at 24 (showing that the appellant

---

[7] Paragraph (a) sets forth the following purposes: retirement deductions and benefits under 5 U.S.C. chapters 83 and 84, life insurance premiums and benefits under 5 U.S.C. chapter 87, severance pay under 5 U.S.C. § 5595, cost-of-living allowances and post differentials under 5 U.S.C. § 5941, and advances in pay under 5 U.S.C. § 5524a.

[8] The appellant makes the following arguments on review regarding 5 C.F.R. § 550.1305: (1) subsection (a) can be misread to say that the base pay methodology in section 5545b(c)(1) applies only for the listed purposes in section 5545b(c)(2) (such as retirement, severance, etc.); and (2) the regulation contradicts the plain language of 5 U.S.C. § 5545b, and the regulation should not trump the statute. PFR File, Tab 1 at 17-20. These arguments are not persuasive. First, 5 C.F.R. § 550.1305(a) discusses the purposes for when "[t]he sum of pay for nonovertime hours that are part of a firefighter's regular tour of duty (as computed under § 550.1303) and the straight-time portion of overtime pay for hours in a firefighter's regular tour of duty is treated as basic pay." As noted at *supra* n.7, none of these purposes involve 5 U.S.C. chapter 75 adverse actions. Second, we disagree with the appellant's premise that there is any conflict between the regulation and 5 U.S.C. § 5545b.

worked 80 hours in a biweekly period as an Emergency Management Specialist). The Federal Circuit has held, in the context of U.S. Postal Service employees, that reductions resulting from fewer total regular hours worked do not establish jurisdiction over a claim of a reduction in pay. *See Wood*, 938 F.2d at 1281-82 (finding that, even though Ms. Wood's "annual equivalent salary" in her part-time Postmaster position decreased by $6,660.00, she did not suffer an appealable reduction in pay under 5 U.S.C. § 7512 because she "continued to receive the same basic hourly rate of pay after the reclassification"); *see also Phillips v. Merit Systems Protection Board*, 228 F. App'x 978, 979 (Fed. Cir. 2007) (holding that basic rate of pay means "the amount of money [an employee] makes per hour worked" and finding that "reductions in the number of hours worked are not adverse actions under 5 U.S.C. § 7512").[9]  The appellant's reliance on 5 U.S.C. § 5545b and the relevant regulations do not persuade us that firefighters should be treated differently for adverse action and reduction in pay purposes.[10]

Finally, for the reasons described herein, we decline the appellant's request for regulation review of 5 C.F.R. § 550.1305, pursuant to 5 U.S.C. §§ 1204(a)(4) and (f)(1).  PFR File, Tab 1 at 21.

## NOTICE OF APPEAL RIGHTS[11]

This is the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the

---

[9] The Board may rely on nonprecedential decisions of the Federal Circuit when we find their reasoning persuasive, as we do here. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 19 n.5.

[10] Indeed, OPM noted in its Final Rule that the "law and regulations provide no authority to continue pay for a firefighter's regular tour when he or she is moved to a work schedule with lesser hours."  Firefighter Pay, 67 Fed. Reg. at 15464.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


Gina K. Grippando

FOR THE BOARD:                    _____

                                                  Gina K. Grippando
                                                  Clerk of the Board

Washington, D.C.