NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEROY GAGE,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**UNITED STATES POSTAL SERVICE,**
*Intervenor.*

---

2011-3219

---

Petition for review of the Merit Systems Protection Board in case no. CH0351100802-I-1.

---

Decided: May 9, 2012

---

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

K. ELIZABETH WITWER, Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for intervenor. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director, and MELISSA DEVINE, Trial Attorney.

_____

Before BRYSON, MAYER and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner *pro se*, Leroy Gage, appeals the July 25, 2011 decision of the United States Merit Systems Protection Board ("MSPB" or "Board") denying his petition for review and adopting the initial decision of the administrative judge ("AJ") as the Board's final decision. The AJ dismissed Mr. Gage's appeal because Mr. Gage failed to make non-frivolous allegations that he was furloughed, suspended without pay for more than 14 days, and/or suffered a reduction in pay or grade. The AJ also dismissed Mr. Gage's accompanying claims of discrimination and reprisal for lack of jurisdiction. Because Mr. Gage failed to make non-frivolous factual allegations in support of his claims and to establish the Board's jurisdiction over his claims, we *affirm*.

I

Mr. Gage began working for the United States Postal Service ("USPS") on December 11, 1993. For the period relevant to this appeal, he worked as a T-6 letter carrier technician, and his pay rate and grade remained unchanged. Mr. Gage suffers from various medical conditions that substantially limit his ability to walk and therefore, to work as a letter carrier.

On March 5, 2008, after a fitness-for-duty examination, a physician concluded that due to his medical conditions, Mr. Gage was permanently restricted in the following ways: he should not stand or walk for more than one to two hours at a time, should climb only intermittently, and should not lift more than 10 pounds. As a result of these restrictions, the USPS reassigned Mr. Gage to an unassigned regular city carrier technician position effective May 24, 2008, because he was physically unable to perform the full duties of his previous position. Because of his health restrictions, the USPS sent Mr. Gage home early during various pay periods in 2010.

In July 2008, Mr. Gage filed a recurrence claim of a 2005 injury with the Office of Workers' Compensation Programs ("OWCP"). The OWCP denied Mr. Gage's claim because he presented no evidence connecting his current medical condition with the 2005 injury. The USPS subsequently notified Mr. Gage that he was no longer entitled to the benefits of a limited-duty employee, but that pursuant to Article 13 of the Collective Bargaining Agreement ("CBA") between the USPS and the National Association of Letter Carriers, Mr. Gage could request permanent reassignment to a light-duty or other position. Mr. Gage refused to provide a written request for a light-duty assignment.

In response, Mr. Gage filed complaints with the Equal Employment Opportunity Commission and in federal district court. He also appealed to the MSPB on July 14, 2010. Specifically, he alleged that he had been involuntarily furloughed and reassigned.[1] He further alleged dis-

---

[1] "'Furlough' means the placing of an employee in a temporary status without duties and pay because of lack of work or funds or other nondisciplinary reasons." 5 U.S.C. § 7511(a)(5).

crimination on the basis of disability, gender, and age, as well as retaliation for filing complaints relating to his reassignment. Mr. Gage did not specify the dates of the alleged furlough.

The USPS argued, *inter alia*, that Mr. Gage failed to make non-frivolous allegations in support of his claims and that absent an appealable action, the Board lacked jurisdiction over his discrimination and reprisal claims.

On August 5, 2010, the AJ issued an Order to Show Cause, notifying Mr. Gage that he bore the burden to establish the Board's jurisdiction over his claims by preponderant evidence and that the AJ would dismiss his case unless he made non-frivolous allegations of fact sufficient to support his claims and vest the Board with jurisdiction. Specifically, the AJ ordered Mr. Gage to provide the dates of the alleged furlough or suspension without pay and to make non-frivolous allegations of fact to support any assertion of a reduction in pay rate or grade. In his response to the Order to Show Cause, Mr. Gage argued that "his absences were due to his apparent temporary incapacitation as opposed to the unavailability of work for a Letter Carrier Technician." SA175.

The AJ dismissed the case because Mr. Gage failed to present non-frivolous allegations that he was furloughed or suspended without pay for more than 14 days and did not demonstrate that he was subject to a reduction in pay or grade during the relevant period. The AJ also found that the Board lacked jurisdiction over Mr. Gage's related discrimination and retaliation claims.

Mr. Gage filed a petition for review with the full Board. In addition to his original claims, Mr. Gage argued that he was erroneously denied a hearing before the AJ and that the AJ failed to rule on his motion to compel discovery. The Board denied Mr. Gage's petition because

it found that there was no new previously unavailable evidence and that the AJ had not committed an error of law or regulation.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

This Court shall hold unlawful and set aside any Board action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law reviewed *de novo*. *See Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). As the petitioner, Mr. Gage bears the burden of establishing the Board's jurisdiction by preponderant evidence. *See* 5 C.F.R. § 1201.56(a)(2); *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012).

We conclude that the Board properly denied Mr. Gage's petition for review. The Board's jurisdiction is limited by statute. 5 U.S.C. § 7701(a). It may review an adverse agency action, *i.e.*, a reduction in pay or grade, a removal, a suspension for more than 14 days, and a furlough of 30 days or less. 5 U.S.C. § 7512(1)-(5).

Mr. Gage did not make non-frivolous factual allegations sufficient to support his claims and to vest the Board with jurisdiction. Although the record reveals that Mr. Gage was sent home early on several occasions in 2010, this was not due to a lack of work or funds or other nondisciplinary reasons; rather, he appears to concede that it resulted from his "temporary incapacitation," *i.e.*, the physical restrictions placed on Mr. Gage by his treat-

ing physician due to his medical conditions. SA175. His absences due to medical disqualifications do not constitute furlough. *See Mitchell v. Dep't of Transp.*, 109 M.S.P.R. 480, 484 (2008).

To the extent Mr. Gage alleges that he was constructively suspended without pay for more than 14 days, he cannot satisfy the specific numerical thresholds required by 5 U.S.C. § 7512(2) without providing specific dates of the alleged suspension.[2] The record on appeal reveals non-consecutive days on which he was allegedly asked to leave work early due to his medical-related restrictions. "Neither the Board nor its reviewing court has ever combined non-consecutive suspensions in order to reach the jurisdictional threshold" in circumstances such as these. *Mitchell*, 109 M.S.P.R. at 483 (holding that non-consecutive suspensions of 14 days or less may not be combined to establish a constructive suspension within the Board's jurisdiction absent evidence that the imposed multiple suspensions of 14 days or less were an attempt to prevent appellant from exercising his appeal rights).

As to Mr. Gage's second claim, an involuntary reassignment *without* a reduction in pay or grade is not appealable to the MSPB, even if the reassignment results in a reduction of work hours. *See Wood v. Merit Sys. Prot. Bd.*, 938 F.2d 1280, 1282 (Fed. Cir. 1991). Mr. Gage has not demonstrated that he suffered a reduction in pay or grade throughout the relevant period.

Mr. Gage's discrimination and retaliation allegations do not constitute independent bases for Board jurisdiction. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245

---

[2] To the extent Mr. Gage argues on appeal that he was furloughed from January 1, 2010, through February 16, 2010, the record on appeal does not appear to corroborate his claim.

(Fed. Cir. 1991) (en banc). Therefore, because Mr. Gage's furlough and involuntary reassignment claims did not constitute appealable actions, the Board lacked jurisdiction over his related discrimination and retaliation claims.

As to the Board's refusal to grant Mr. Gage a hearing, the Board did not err because "there is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction." *See Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1215 (Fed. Cir. 2003).

To the extent Mr. Gage challenges the AJ's failure to rule on his motion to compel, we uphold the Board's determination that the AJ's failure did not prejudice Mr. Gage's substantive rights because the motion was untimely. A motion for an order to compel discovery must be filed with the AJ within 10 days of the date of service of objections. *See* 5 C.F.R. § 1201.21; 5 C.F.R. § 1201.23; 5 C.F.R. § 1201.73(f)(4). The agency responded to Mr. Gage's initial request for discovery on September 8, 2010, objecting generally to answering the interrogatories and requests for production but responding to the requests for admissions. Because Mr. Gage found the agency's responses to be insufficient, he filed a motion to compel on September 27, 2010, a date beyond the applicable time limit for such a motion.

Finally, the Board did not err in rejecting Mr. Gage's submission of documents not part of the record before the AJ because the documents were not unavailable during the AJ proceedings and/or would not have altered the outcome. *See Avansino v. U.S. Postal Serv.*, 3 M.S.P.R. 211, 214 (1980).

We have considered Mr. Gage's additional arguments made on appeal and find that they provide no basis for relief. For the foregoing reasons, we affirm.

## AFFIRMED

COSTS

Each party shall bear its own costs.