**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANGELA R. CONAWAY,
           Appellant,

      v.

DEPARTMENT OF COMMERCE,
           Agency.

DOCKET NUMBER
CH-0752-16-0165-I-1

DATE: September 22, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Angela R. Conaway, Piketon, Ohio, pro se.

Frances C. Silva, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal challenging her placement on an intermittent work status for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In July 2012, the agency appointed the appellant to a part-time position as a GS-6 Field Supervisor with the agency's Bureau of the Census.  Initial Appeal File (IAF), Tab 6, Subtab 4v at 5.  According to the position description, a Field Supervisor works a "mixed-tour work schedule," which "provides for periods of full-time, part-time, and/or intermittent work to accommodate fluctuating workloads."  *Id.* at 6.  By notice dated April 4, 2014, the agency relieved the appellant of her duties and placed her in an intermittent work status pending an inquiry into allegations that she falsified survey data.  IAF, Tab 6, Subtab 4o. The notice informed the appellant that, while she was on intermittent work status, she would be paid administrative leave for 2 hours per pay period, which was her minimum tour of duty.  *Id.*  The appellant remained in intermittent status, receiving 2 hours of paid administrative leave per pay period, until the agency removed her on September 5, 2014.  *Id.*, Subtab 4i; IAF, Tab 14.

¶3     In December 2015, the appellant filed a Board appeal challenging an alleged suspension of more than 14 days.[2] IAF, Tab 1 at 1-3. The administrative judge construed the appellant's filing as an appeal of her placement on intermittent work status and, in an order on jurisdiction, informed her that the Board lacks jurisdiction over an intermittent employee's period of unemployment if the lack of work is consistent with the terms of her employment. IAF, Tab 11 at 3-4. He further informed her, however, that the Board may have jurisdiction if her placement on intermittent work status was not in accordance with the terms and conditions of her employment. *Id.* at 4. Thus, he ordered her to file evidence and argument amounting to a nonfrivolous allegation that she was placed in a nonduty, nonpay status and that such placement was not in accordance with the terms and conditions of her employment. *Id.* Without holding the requested hearing, the administrative judge issued an initial decision finding that the appellant failed to nonfrivolously allege that her placement on intermittent work status constituted a constructive suspension or a reduction in pay over which the Board has jurisdiction. IAF, Tab 16, Initial Decision (ID). Accordingly, he dismissed the appeal for lack of jurisdiction. ID at 4.

---

[2] Before filing the instant Board appeal, the appellant filed an equal employment opportunity (EEO) complaint challenging her placement on an intermittent work schedule and her removal. IAF, Tab 1 at 9-11. In November 2015, the appellant received the final agency decision (FAD) finding no discrimination in connection with her removal. IAF, Tab 1 at 8-32, Tab 4. Although the FAD decided only the appellant's removal complaint, she filed a Board appeal challenging both her removal, which the administrative judge docketed separately as MSPB Docket No. CH-0752-16-0166-I-1, and a suspension of more than 14 days, which the administrative judge interpreted as an appeal of her placement on intermittent work status and is the subject of the current appeal. IAF, Tab 1 at 1-3, Tab 11. The record reflects that the appellant requested a hearing before the Equal Employment Opportunity Commission in connection with her placement on intermittent work status, IAF, Tab 1 at 9-10, but there is no indication in the record that a hearing has been held or that a decision has been issued. In light of our finding that the Board lacks jurisdiction over the appellant's placement on intermittent work status, however, we need not address the impact on this appeal of the appellant's unresolved EEO appeal of the same agency action.

¶4   The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

¶5   The Board does not have jurisdiction to address all matters that are alleged to be incorrect or unfair. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 14 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). Rather, the Board adjudicates only those actions for which a right of appeal has been granted by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, the placement of an intermittent employee in a nonduty, nonpay status in accordance with the conditions of her employment is not an adverse action appealable to the Board. *Drake v. Department of the Army*, 77 M.S.P.R. 424, 426 (1998); 5 C.F.R.§ 752.401(b)(14). If, however, the agency's action is not in accordance with the terms and conditions of the appellant's employment, then her placement in a nonduty, nonpay status for more than 14 days could constitute an appealable constructive suspension. *See Drake*, 77 M.S.P.R. at 426.

¶6   As discussed above, the appellant held a part-time position on a mixed-tour work schedule with a minimum tour of duty of 2 hours per pay period. IAF, Tab 6, Subtab 4v at 5. Additionally, she signed an employee agreement specifically indicating that her mixed-tour work schedule may include "periods of full-time, part-time, and intermittent work, as well as periods in a nonpay status, depending on workload." IAF, Tab 15 at 5. Thus, the agency did not violate the terms and conditions of the appellant's employment when it placed her in an intermittent work status and provided her paid administrative leave for 2 hours per pay period. Accordingly, we agree with the administrative judge's finding that the Board lacks jurisdiction over the appellant's appeal as an alleged constructive suspension of more than 14 days.

¶7   In addition, insofar as the appellant has alleged that the agency subjected her to a reduction in pay, we agree with the administrative judge's finding that a loss in total salary due to a reduction in work hours is not an appealable adverse

action. ID at 4; *see Wood v. Merit Systems Protection Board*, 938 F.2d 1280, 1282 (Fed. Cir. 1991) (finding that the employee did not suffer a reduction in pay within the meaning of 5 U.S.C. § 7512(4) when the agency reduced her number of hours and, therefore, her annual salary, but did not change her rate of pay).

¶8    On review, the appellant challenges the merits of her removal, argues that the agency committed a prohibited personnel practice by restricting her hours and suspending her, alleges that the agency violated her right to minimum due process when it suspended her, and challenges the agency's investigation into her alleged misconduct. PFR File, Tab 1. None of these allegations pertain to the dispositive jurisdictional issue before us, however, and provide no basis to disturb the initial decision. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board had jurisdiction over an appeal); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices are not an independent source of Board jurisdiction and that, absent an otherwise appealable action, the Board lacks jurisdiction to consider an appellant's affirmative defenses), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                        /s/ for
_____

                                                              Jennifer Everling
                                                              Acting Clerk of the Board
Washington, D.C.